UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

MARK ANTHONY REID,
  *Defendant-Appellant.*

No. 01-4122

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-00-57)

Submitted: November 28, 2001

Decided: January 24, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Anthony G. Spencer, MORCHOWER, LUXTON & WHALEY, Richmond, Virginia; Scott Brettschneider, Kew Gardens, New York, for Appellant. Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mark Anthony Reid appeals from his conviction of one count of possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A) (West 1999), and sentence of 228 months in prison and five years of supervised release. Reid argues the district court erred in denying his motion to suppress because the officers who stopped the vehicle in which he was riding did not have reasonable suspicion to justify the stop. Reid also argues the evidence was insufficient to support his conviction and that his sentence was incorrectly calculated under the *U.S. Sentencing Guidelines Manual* (1998). We affirm Reid's conviction and sentence.

The findings of fact from the suppression hearing are reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). On the night in question, Officer Green of the Durham police department received a report from the communications division regarding a complaint of a burgundy Dodge Durango with weapons located near Building 36 on Ridgeway Avenue in the McDougal Terrace public housing development. Officer Green and two other officers responded to the call. While on the way to Building 36, they received a report over the police radio that a vehicle matching the same description was involved in an armed robbery a couple of days earlier. The officers located a burgundy Dodge Durango three or four blocks from Building 36 and stopped the vehicle. After the driver of the vehicle was arrested, Reid, a passenger, tried to flee. Reid was arrested for obstruction and trying to leave the scene. A subsequent search found 374.8 grams of crack cocaine on Reid's person.

Officers are permitted "to effect a limited investigatory detention when they possess 'a reasonable and articulable suspicion that the person seized is engaged in criminal activity.'" *United States v. King*,

119 F.3d 290, 294 (4th Cir. 1997) (quoting *Reid v. Georgia*, 448 U.S. 438, 440 (1980)). The combination of the tip stating the individuals in the vehicle had weapons and the report that a vehicle matching the same description was involved in an armed robbery a couple of days earlier provided reasonable suspicion for the stop of the vehicle.

Reid argues the testimony at trial was insufficient to support his conviction because the testimony of the officers regarding where police found the bag of drugs was contradictory. We review the verdict to determine whether there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). When considering the sufficiency of the evidence, we do not review the credibility of a witness's testimony. *United States v. Hobbs*, 136 F.3d 384, 391 n.11 (4th Cir. 1998). We have reviewed the evidence and find, when viewed in the light most favorable to the Government, the evidence is sufficient to support Reid's conviction.

Next, Reid argues his sentence was incorrectly calculated under the Guidelines. First, he argues the district court improperly assessed seven criminal history points placing him in category IV. We find the seven point criminal history assessment proper under USSG § 4A1.1. Second, Reid argues the district court erroneously failed to make a downward departure from the guidelines range. However, we lack authority to review the district court's decision not to depart downward unless the district court's decision is based on a mistaken belief that it lacks authority to depart. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000). Reid does not contend the district court mistakenly believed it lacked authority to depart; therefore, this argument is without merit.

Finally, Reid argues he should have been given a two point reduction in his offense level pursuant to a Department of Justice policy based on his agreement to deportation following his incarceration. Reid, however, has provided no authority for this type of a reduction or cited any specific policy. Therefore, we affirm Reid's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*